**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:14-CV-160**

| | |
|---|---|
| WILLIE JAMES GRIMES, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> CITY OF HICKORY, FLOYD LUCAS, JR., ) <br> TOM ADKINS, STEVE HUNT, STEVE ) <br> BRYANT, L. DAVID HUFFMAN, COY ) <br> REID, AL JEAN BOGLE, PHYLLIS ) <br> HICKS, JOHN DOE CORPORATION, ) <br> JACK DOE CORPORATION, ROCKY ) <br> EUGENE TOWERY as administrator of the ) <br> estate of BARBARA MACKIE TOWERY, ) <br> ) <br> **Defendants.** ) <br> ) | **ORDER** |

**BEFORE THE COURT** are two motions. First, Al Jean Bogle ("Bogle"), Phyllis Hicks ("Hicks"), and Rocky Eugene Towery ("Towery") (collectively, the "Clerk Defendants") filed a Motion to Dismiss (Doc. 36), to which Grimes has responded, (Doc. 44). Second, L. David Huffman ("Huffman") and Cory Reid's ("Reid") filed Motion for Judgment on the Pleadings (Doc. 45), to which Grimes responded, (Doc. 51). Huffman and Reid filed a Reply to Grimes' Response, (Doc. 54).

**I. STATEMENT OF FACTS**

This case arises out of the wrongful conviction of Grimes. (Doc. 1, at ¶ 1). Pertinent facts relevant to the instant motions are alleged as follows:

In July 1988, Grimes was convicted and sentenced to life plus nine years for the rape and kidnapping of Carrie Lee Elliot in Hickory, North Carolina. (*Id.*). In 2012, the North Carolina Innocence Inquiry Commission referred Grimes' case to a three-judge panel which issued a

1

unanimous decision that he was innocent of both charges. (*Id.* at ¶¶ 3, 104-107). Key to the determination of Grimes' innocence was the presence of fingerprints recovered from bananas in the victim's home. (*Id.* at ¶¶ 87, 103). The fingerprints were identified as having been made by Albert Lindsey Turner, (*Id.* at ¶ 103), who was allegedly an initial suspect in the rape investigation, (*Id.* at ¶ 6).

Pertinent to the instant motion is the destruction of other allegedly exculpatory evidence after Grimes' conviction. (*Id.* at ¶ 9). After the trial, the Clerk of Court of Catawba County retained custody of the admitted evidence, including a rape kit, the victim's panties, hair samples, and the victim's clothing. (*Id.* at ¶ 89). At some point between 1988 and 1991, employees in the Clerk's Office sent this evidence to Catawba County Sheriff's Department ("CCSD") for destruction, although no court order authorized the destruction. (*Id.*). The Clerk's Office did not maintain a record of the sending of the evidence to the CCSD or the destruction of the evidence. (*Id.*). Further, the Clerk's Office misfiled and/or lost numerous items of evidence from 1986 to 1990, including $18,000. (*Id.* at ¶ 90). This mismanagement of evidence was due to a systemic lack of organization. (*Id.*).

On December 13, 1990, CCSD destroyed most of the evidence in Grimes' case, pursuant to the Clerk's instruction but without a court order directing it to do so. (*Id.* at ¶ 92).

Defendant Hicks served as Clerk of Court for Catawba County from 1986 until 1990. (Doc. 1, at ¶ 42). Defendant Towery served as Clerk of Court for Catawba County from 1990 until 1999. (*Id.* at ¶ 43).[1] Defendant Bogle is the current Clerk of Court for Catawba County and has served in this position since 1999. (*Id.* at ¶ 44).

---

[1] Defendant Towery passed away and service has been made upon her estate.

Defendant Huffman served as Sheriff of Catawba County during the years of 1982 through 2010. (*Id.* at ¶ 39). Defendant Reid currently serves as Sheriff of Catawba County and has served in that capacity since 2010. (*Id.* at ¶ 40).

## II. STANDARD OF REVIEW

Under a motion to dismiss under 12(b)(6), the court must accept as true all factual allegations in the pleading, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-movants favor, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). This requirement applies only to facts, not legal conclusions, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A motion filed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Jordan v. Alternatives Res. Corp.*, 458 F.3d 332, 338 (4th Cir.2006); *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir.2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (applying Rule 8). Specifically, plaintiffs may proceed into the litigation process "only when their complaints are justified by both law and fact." *Francis,* 588 F.3d at 193. To be justified by fact, courts must overlook "conclusory, unwarranted deductions of fact, or unreasonable inferences," nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche,* 293 F.3d 726 (4th Cir. 2002).

A court applies the same standards as set forth in the case law surrounding a motion to dismiss under 12(b)(6) when reviewing a Rule 12(c) motion for judgment on the pleadings. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

## III. THE ACTION IS DISMISSED AS UNTIMELY

Clerk Defendants' Motion to Dismiss deals with the Seventh (42 U.S.C. § 1983 *Monell* Claim), Eighth (Common Law Obstruction of Justice), Ninth (Negligence), Eleventh (North Carolina Constitutional Claim for Failing to Produce Available Exculpatory Evidence Upon Request), and Thirteenth (Liability on Official Bond) Causes of Action.

Defendant Huffman and Reid's Motion for Judgment on the Pleadings deals with the Sixth (42 U.S.C. § 1983 *Monell* Claim), Eighth (Common Law Obstruction of Justice), Ninth (Negligence), Eleventh (North Carolina Constitutional Claim for Failing to Produce Available Exculpatory Evidence Upon Request), and Twelfth (Liability on Official Bond) Causes of Action.

Clerk Defendants have moved to dismiss the individual capacity claims, arguing that they are inextricably tied to their official duties so that the state of North Carolina is the real party in interest. Clerk Defendants also argue that the statute of limitations bars the claims asserted against them. Further, Clerk Defendants argue that Plaintiff's § 1983 *Monell*[2] is misplaced because Clerks of Court are considered state employees. Further, Clerk Defendants argue that Plaintiff has otherwise failed to state a claim because Plaintiff's claims for retroactive monetary relief are barred by the Eleventh Amendment; any individual capacity claims are barred by judicial immunity; and that Plaintiff's allegations fail to meet the plausibility standards set forth in *Twombly* and *Iqbal*. The Court will address these arguments in turn.

A Court determines the statute of limitations for a § 1983 claim by looking to the law of the State in which the action arose. *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014). Specifically, a Court looks to the state law statute of limitation for

---

[2] *Monvell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

personal injury suits. *Id.* This suit arose in North Carolina. In North Carolina, the statute of limitation for personal injury torts is three years. N.C. Gen. Stat. § 1-52.

Defendant Clerks claim that the three year limitation period should run from 1991, at the latest, which is the date Plaintiff's trial counsel discovered that the evidence had been transferred and destroyed. Plaintiff argues that the date should run from the date his conviction was overturned, which was in 2012.

"Although state law determines the applicable statute of limitations for § 1983 claims, federal law governs the date on which that limitations period begins to run." *Owens*, 767 F.3d at 388. Federal law looks to the common law to determine accrual, which in turn provides "that accrual occurs when the plaintiff has a complete and present cause of action[,]" *id.* at 389 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)), namely, "when the plaintiff knows or has reason to know of his injury[,]" *id.* However, this "standard rule" does not always govern the start of the limitations period. *Id.* "[T]o determine the date of accrual for a particular § 1983 claim, a court must look to the common-law tort that is most analogous to the plaintiff's § 1983 claim and determine the date on which the limitations period for this most analogous tort claim would begin to run." *Id.* Plaintiff's claims against Clerk Defendants are most analogous to negligence and obstruction of justice,[3] both of which have a three year statute of limitations which accrue (in this case) according to the standard discovery rule.[4]

---

[3] "[A]ny action intentionally undertaken by the defendant for the purpose of obstructing, impeding, or hindering the plaintiff's ability to seek and obtain a legal remedy will suffice to support a claim for common law obstruction of justice." *Blackburn v. Carbone*, 703 S.E.2d 788, 795 (N.C. Ct. App. 2010).

[4] *Self v. Yelton*, 688 S.E.2d 34, 39 (N.C. Ct. App. 2010) (obstruction of justice); *Harrold v. Dowd*, 149 N.C. App. 777, 781 (N.C. Ct. App. 2002) (negligence).

Section 1983 claims that imply the invalidity of a criminal conviction do not exist "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). However, "§ 1983 actions, unlike the tort of malicious prosecution which *Heck* took as its model . . . sometimes accrue before the setting aside of . . . the related criminal conviction." *Wallace v. Kato*, 549 U.S. 394, 395 (2007) (citation omitted).

Here the issue is whether the claim implies the invalidity of Grimes' criminal conviction. The Court notes that § 1983 claims may be filed when a prisoner is denied access to potentially exculpatory evidence for DNA testing in the possession of the government. *Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011).[5] The Supreme Court found that "[u]nlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction." *Id.* at 1300. The Court notes that Grimes alleges that the evidence that was destroyed "would have proved Grimes' innocence." (Doc. 1, at ¶ 159). The Court believes this pleading does not undermine *Skinner*'s holding: Plaintiff is not alleging *Brady* violations by Clerk Defendants. Accordingly, Plaintiff would not have been barred from instituting a § 1983 claim under *Heck* because success of the claim would not *necessarily* undermine the conviction. Therefore, the statute of limitations began to run upon discovery of the alleged unlawful conduct, making Grimes' claims fall well out of the statute of limitations.

The Court notes that Judge Bolye's decision in *Dail v. City of Goldsboro*, No. 5:10-CV-00451-BO, 2011 WL 2837067 (E.D.N.C. July 14, 2011) is contrary to this result. In *Dail*, a city attorney told the plaintiff, who was seeking evidence from his trial for DNA testing, that the

---

[5] In *Skinner*, the plaintiff claimed that the State's failure to release the evidence deprived him of his liberty interest in utilizing state procedures to obtain reversal of his conviction. 131 S. Ct. at 1296.

Clerk's office had destroyed the evidence in 1994. *Id.* at *2. In 2007, evidence surfaced from the trial. *Id.* Dail had the evidence tested against his DNA which ultimately resulted in the district attorney dismissing the charges against him on the basis of Dail's innocence. *Id.* In denying a motion to dismiss on statute of limitation grounds, the Court stated that:

> Dail did not discover, and could not reasonably have discovered, that he was injured by Defendants' alleged negligence and obstruction of justice until the DNA evidence proved that Dail was innocent exonerated him. Had the evidence not exonerated Dail, then his inability to obtain the evidence would not have injured him in any way.

*Id.* In this case, the evidence in the Clerk Defendants' possession was actually destroyed. Under *Dail*'s reasoning, if Grimes never obtained the fingerprint card and proved his innocence, then he would never have a cause of action because he could not prove that the evidence would have exonerated him. Proof of exoneration is not a necessary predicate to the right that Grimes claims was violated. A specific view of the right and an examination of the Grimes' theory shows that it is his (assumed for the purpose of this order) liberty interest in having post-conviction access to evidence, *see* N.C. Gen. Stat. § 15A-1415(c),[6] that was allegedly impugned, (Doc. 44, at 14-15).

Accordingly, Plaintiff's § 1983 claim falls outside of the statute of limitations. For the same reason, Plaintiff's remaining claims against the Clerk Defendants fall outside the statute of limitations.[7] Therefore, Plaintiff may not maintain a claim against Clerk Defendants.

---

[6] The Court notes that N.C. Gen. Stat. § 15A-1415(c) did not exist until 1996. *See* 1995 N.C. Sess. Laws Ch. 719, 2. Before the amendment, the same portion of the statute existed in (b)(6). *Id.*

[7] *Morley v. N. Carolina Dep't of Health & Human Servs./Broughton Hosp.*, 171 F. Supp. 2d 585, 592 (W.D.N.C. 2001) (North Carolina Constitution claims have a three year statute of limitation); § 1-52(1a) (three year statute of limitation for actions upon the official bond of a public officer).

Defendants Huffman and Reid incorporate the statute of limitations argument made by the Clerk Defendants. The allegations regarding Huffman and Reid state that the Sheriff's Department destroyed the evidence in accordance with the Clerk's directive. The allegations and claims are not materially different than those set forth against the Clerk Defendants. Accordingly, the claims are barred by the statute of limitations.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Clerk Defendants' Motion to Dismiss (Doc. 36) is **GRANTED**;

(2) Defendant Huffman and Reid's Motion for Judgment on the Pleadings (Doc. 45) is **GRANTED**; and

(3) The action is dismissed as to these Defendants **WITHOUT PREJUDICE**.

Signed: June 11, 2015

Richard L. Voorhees
United States District Judge